**United States District Court**
For the Northern District of California

1

**\*E-Filed 3/2/11\***

2

3

4

5

6

7             IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN FRANCISCO DIVISION

10

11    UNION BANK, N.A.,                          Case No. 11-0883  RS

12                    Plaintiff,              **ORDER OF SUMMARY REMAND**

13         v.

14    STEVEN KENT HOSKINS, et al.,

15

16                    Defendants.

17    _____/

18

19          This case was removed from San Mateo Superior Court where it was pending as an unlawful

20    detainer action against defendants Steven Kent Hoskins and Annette Marie Hoskins, who appear

      here *in pro se.*[1]  Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is

21    directed to examine it "promptly" and, "[i]f it clearly appears on the face of the notice and any

22    exhibits annexed thereto that removal should not be permitted, the court shall make an order for

23    summary remand."  In this case, summary remand is, in fact, appropriate.  The Hoskins assert that

24    removal was proper pursuant to 28 U.S.C. § 1441 on grounds that the complaint presents a federal

25    question, such that it could have originally been filed in this Court under 28 U.S.C. § 1331.

26

27    _____
      [1]  The notice of removal is captioned as having been filed in the "Eastern District of California-San
28    Francisco Division."  It actually was filed in this District, which is the correct venue for actions
      removed from San Mateo Superior Court.

**United States District Court**
For the Northern District of California

1    Specifically, the Hoskins contend that they filed a demurrer in the state court proceedings (which

2    was overruled), and that resolution of the demurrer depended on "the determination of Defendants'

3    rights and Plaintiff's duties under federal law."

4           As an initial matter, the Hoskins' demurrer in fact raised no issue of federal law, but instead

5    argued only that the notice to quit served on them did not comply with certain California statutory

6    provisions.  More fundamentally, however, even to the extent the Hoskins may intend to raise

7    defenses to the action based on federal law, whether by way of demurrer or otherwise, that would

8    not establish a basis for federal court jurisdiction.

9           The existence of federal question jurisdiction is governed by the "well-pleaded complaint

10   rule."  *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).[2]

11   Under that rule, a federal question must be presented by what is or should have been alleged *in the*

12   *complaint. Id.*  The fact that a federal question may be implicated through matters raised by

13   demurrer or answer, or in a counterclaim is insufficient.  *Id.* at 831.  Accordingly, whatever the

14   Hoskins may intend to allege in response to the complaint does not give rise to removal jurisdiction.

15          Finally, the notice of removal also conclusorily asserts that the underlying unlawful detainer

16   complaint pleads claims arising under federal law.  Notice of Removal, ¶ 6.  It does not.  Rather, it is

17   simply and only a complaint for possession, restitution, and damages under the provisions of

18   California state law applicable to unlawful detainer actions.  Thus, there is no federal question basis

19   for removal.  Accordingly, this action is hereby remanded to the San Mateo Superior Court.

20

21

22   Dated: 3/1/11

        RICHARD SEEBORG
23      UNITED STATES DISTRICT JUDGE

24

25

26

27

28   ───────────────────
     [2] The rule applies equally to evaluating the existence of federal questions in cases brought initially
     in this court and in removed cases.  *Id.* at n. 2

2